UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TODD S. HOKE,

       Plaintiff,

                1:14-CV-0663
v.                  (GTS/CFH)

CAROLYN W. COLVIN,
Commissioner of Social Security,

       Defendant.
_____

APPEARANCES:              OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON    STEVEN R. DOLSON, ESQ.
 Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    ANDREEA L. LECHLEITNER, ESQ.

OFFICE OF REGIONAL GENERAL COUNSEL
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this action filed by Todd S. Hoke ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. § 405(g) seeking Social Security disability insurance benefits, are the following: (1) the Report-Recommendation of United States Magistrate Judge Christian F. Hummel, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court recommending that the Commissioner's determination denying disability insurance

benefits be affirmed; and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 14, 16.)

I.  **RELEVANT BACKGROUND**

   A.  **Relevant Procedural History**

On October 19, 2011, Plaintiff filed a Title II application for a period of disability and disability benefits and protectively filed a Title XVI application for social security insurance under the Social Security Act. Generally, in his applications, Plaintiff alleges that he suffers from lumbar spine impairments, right hip trochanteric bursitis, major depressive disorder, and anxiety disorders with a disability onset date of January 1, 2010.[1] On January 17, 2012, Plaintiff's applications were initially denied by the Social Security Administration. Subsequently, he filed an appeal from that denial; and on November 27, 2012, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. On February 15, 2013, the ALJ issued his decision finding that Plaintiff was not entitled to benefits. Again, Plaintiff filed an appeal from that decision; on May 8, 2014, the Social Security Administration's Appeals Council denied Plaintiff's request for further review, rendering the ALJ's decision final.

On April 17, 2015, Plaintiff commenced this action in federal court. Generally, in his brief in support of his Complaint, Plaintiff asserts the following four arguments: (1) that the ALJ committed reversible error by failing to properly assess Plaintiff's use of an assistive device (specifically, a cane); (2) that the ALJ committed reversible error by failing to call a vocational

---

[1]  Plaintiff alleges that he sustained a gunshot wound to his right hip in 1987, which broke his right femur and required various surgeries.

expert, despite the numerous non-exertional impairments that Plaintiff has in addition to needing a cane for balance; (3) that the ALJ committed reversible error in interpreting Plaintiff's Global Assessment of Function ("GAF") score; and (4) that the ALJ committed reversible error in assessing Plaintiff's credibility. Generally, in his responsive brief, Defendant disagrees with each of these arguments, and argues that the Commissioner's decision should be affirmed.

### B.   Magistrate Judge Hummel's Report-Recommendation

On April 17, 2015, Magistrate Judge Hummel issued a Report-Recommendation recommending that the Commissioner's decision denying Plaintiff disability benefits be affirmed. (Dkt. No. 14.) Generally, Magistrate Judge Hummel's Report-Recommendation rendered the following findings of fact and conclusions of law: (1) the ALJ based his residual functional capacity ("RFC") determination on substantial evidence in the record after reviewing both treating and consultative examiner reports, finding that Plaintiff's cane is not medically prescribed and finding that testimony by a vocational expert is not required under SSR 96-9; (2) because the ALJ properly considered Plaintiff's nonexertional limitations but did not find that they significantly diminished his ability to work, he did not need testimony of a vocational expert regarding nonexertional impairments but could resort to the applicable medical vocational guidelines; (3) the ALJ afforded appropriate weight to the opinion of Plaintiff's physician assistant and properly assessed Plaintiff's GAF score based on all of the medical evidence in the record; and (4) the ALJ properly assessed the medical records and Plaintiff's statements as to his daily activities and work history in making a credibility determination. (*Id*. at Part II.D.)

C.     **Plaintiff's Objections to the Report-Recommendation**

On April 28, 2015, Plaintiff filed his Objection to the Report-Recommendation. (Dkt. No. 16.) In his Objection, Plaintiff asserts the following two arguments: (1) the arguments set forth in his memorandum of law in support of his underlying motion for judgment on the pleadings are incorporated by reference in the Objection; and (2) because the services of a vocational specialist may be necessary where (as here) the effects of a person's actual limitations of climbing and balancing on the occupational base are difficult to determine, the ALJ's reliance on the medical vocational guidelines was in error. (*Id.*)

II.    **APPLICABLE LEGAL STANDARDS**

A.     **Standard of Review of a Report-Recommendation**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary

---

[2]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

4

material that could have been, but was not, presented to the magistrate judge in the first instance.³ Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3

---

³ *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.     **Standard Governing Judicial Review of Defendant's Decision**

In Part II.A. of his Report-Recommendation, Magistrate Judge Hummel correctly recited

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

the legal standard governing judicial review of Defendant's decision. (Dkt. No. 14, at Part II.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

III.     ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Hummel's Report-Recommendation, the Court concludes that Magistrate Judge Hummel's thorough Report-Recommendation is correct in all respects. (Dkt. No. 14.) Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. To those reasons, the Court adds only two points.

First, even when construed liberally, Plaintiff's Objection does not contain a specific challenge to the first, third or fourth findings and conclusions set forth above in Part II.B. of this Decision and Order. As a result, those portions of Magistrate Judge Hummel's Report-Recommendation are entitled to only clear-error review. The Court notes that Plaintiff's attempt to incorporate by reference his underlying arguments is in vain, given the legal standard governing a review of a report-recommendation. *See, supra,* Part II.A. of this Decision and Order.

Second, regarding Plaintiff's challenge to the second finding and conclusion set forth above in Part II.B. of this Decision and Order, even assuming that Plaintiff could not have presented his SSR 85-15 argument to Magistrate Judge Hummel on his motion for judgment on the pleadings (an assumption which the Court does not make), the force of the challenge is weakened by the fact that the ruling concludes merely that, "[w]here the effects of a person's

actual limitations of climbing and balancing on the occupational base are difficult to determine, the services of a [vocational specialist] may be necessary."

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 14) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's cross-motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: June 25, 2015
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge